UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00832-H

MILDRED A. BROADDUS                                                    PLAINTIFF

V.

WALMART STORES EAST, LP                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Mildred A. Broaddus slipped and fell in a LaGrange, Kentucky Walmart owned by Defendant, sustaining multiple injuries. Plaintiff filed suit in Oldham Circuit Court on April 26, 2013, and Defendant removed to federal court. Plaintiff has moved to remand due to Defendant's alleged failure to timely remove in accordance with 28 U.S.C. § 1446(b).

The pending motion presents a question in specifics, which defendants often face: what knowledge triggers the running of time for removal under § 1446(b)? While it is often safer to remove within 30 days of the complaint and avoid controversy like this, Defendant's delay in these circumstances does not require remand.

## I.

The Court will summarize the relevant facts to provide context. On April 29, 2012, Plaintiff slipped and fell on a liquid believed to be a sample of Propel water in Walmart. Plaintiff notified Walmart of her premises liability claim the next day and worked with Walmart's claims management unit to negotiate a settlement. As medical treatment continued, medical expenses, lost wages, and pain and suffering increased. Having not resolved the matter, Plaintiff filed suit in Oldham Circuit Court on April 26, 2013.

Before filing suit, Plaintiff provided to Walmart: (1) a recorded statement, (2) updates on her medical treatment. (3) medical records, including MRI results and records from Plaintiff's orthopedic specialist Dr. Jeremy Statton.  Dr. Statton opined that surgery was not required at the time he saw Plaintiff in February but did not rule it out, and he indicated that Plaintiff's fall could have caused at least some of her present injuries.[1]  In her Complaint, Plaintiff alleged that she sustained "serious injury" when she slipped and fell, resulting in medical expenses and severe pain and suffering.  She made clear that she was also seeking damages for future medical expenses, future lost wages, and future pain and suffering.

On May 6, Defendant propounded discovery requests seeking an itemization of her medical expenses and the amount in controversy.  On July 29, Plaintiff served her discovery responses, providing current medical expenses of around $14,000 but no estimation of anticipated future expenses.  Plaintiff also indicated that her knee injury was "likely to require surgery" and her ankle injury "may also require surgery."

On August 6, Defendant's counsel sent a letter to Plaintiff's counsel seeking clarification on whether the amount in controversy exceeded $75,000 and asked to be informed if they thought removal had been triggered.  Plaintiff's counsel did not respond.  On August, 20, Defendant's counsel again emailed seeking clarification.  On August 22, Plaintiff's counsel indicated that Plaintiff would not limit her damages to $75,000 because she may need surgery.  On August 26, Defendant removed.

---

[1] On February 5, 2013, Dr. Statton wrote: "I do not think that the medial meniscus tear represents an unstable tear that would need to be addressed surgically, at least initially."  On February 12, Dr. Statton recommended "nonsurgical treatment for [the ligament sprain and meniscus tear] at least for now" and further indicated "I do think some of this is chronic but she could develop acute inflammation of this related to her injury and her fall.  There is also some injury to the medial patellar retinaculum and this again as well could be related to her fall."

The relevant question here is whether Defendant exceeded the one-month time limit on removal, that is, whether Defendant could have shown, within thirty days of Plaintiff's Complaint, that it was more likely than not that Plaintiff's claims exceeded $75,000.[2]

## II.

Determining the time frame for removal can be difficult for defendants. Section 1446(b) commences a thirty-day removal period from the date a defendant has solid and unambiguous information that a case is removable. *Mozee v. Dugger*, 616 F. Supp. 2d 672, 673 (W.D. Ky. 2009). To be removable on diversity grounds, the parties must be diverse, and the amount in controversy must exceed $75,000. A defendant must only prove the threshold amount by a preponderance of the evidence. In deciding whether the defendant timely removed, the Court must consider the defendant's actual knowledge based upon any direct written communication, discovery, or additional pleading that adds factual context to the Plaintiff's initial pleading. *See id.* at 673−74; *Bragg v. Ky. RSA*, 126 F. Supp. 2d 448, 450 (E.D. Ky. 2001). These writings include those received prior to the filing of suit.

The Court will summarize what Defendant knew at the thirty-day mark: May 26. The Complaint, in accordance with Kentucky law, does not specify the amount in controversy. However, from it, Defendant knew that Plaintiff was seeking both past and future medical expenses, lost wages, and pain and suffering. Prior to the Complaint, Defendant worked with Plaintiff for almost a year to negotiate a settlement and had received a recorded statement, updates on her ongoing treatment, and medical records. These records indicated that Plaintiff sustained a serious knee and ankle injury that she plausibly believed was the result of her fall on

---

[2] Of course, the thirty-day clock restarts upon Defendant's receipt of solid and unambiguous information. However, since no new information is alleged to have been received between the initial May 26 removal deadline and July 26 (thirty days prior to when Defendant actually removed), the Court need not look past May 26 for solid and unambiguous information.

Defendant's premises. These records also indicated that at least one doctor had mentioned surgery as a potential solution for both injuries but was pursuing more conservative treatment first. Based upon this information, Plaintiff argues, Defendant could have established grounds for removal by a preponderance of the evidence and should have removed. Defendant argues that it did not have adequate information as of May 26.

This Court's prior case law is instructive. The Court has sustained plaintiffs' motions to remand in several recent cases. Our case is dissimilar. For example, in *Mozee v. Dugger*, the plaintiff had demanded a $200,000 settlement prior to filing suit and submitted a request for admission with his complaint asking the defendants to admit that he was entitled to $100,000 in pain and suffering. 616 F. Supp. 2d at 674. Similarly, in *Johnson v. Hartford Fire Insurance Company,* the plaintiff had notified the defendant pre-suit that he had unsuccessfully undergone back surgery, that his injury would probably impact his ability to work in the future, that a $45,000 expense for a port was anticipated, and that other expenses had been incurred and were expected. 2008 WL 3850482, at *1 (W.D. Ky. Aug. 15, 2008). In *McCraw v. Lyons*, the Court ruled that where the plaintiff sought damages for assault, battery, harassment, and outrageous conduct along with claims for punitive and compensatory damages, the bare complaint supported removal. 863 F. Supp. 430, 431−32 (W.D. Ky. 1994).

Here, Plaintiff never demanded a sum that exceeded the jurisdictional limit,[3] nor did she assert that any surgical option was going to be pursued. Further, premises liability actions fundamentally differ from claims arising from intentional torts that include punitive damages. Therefore, the Court concludes that at no point during the thirty days following Plaintiff's Complaint did Defendant have "solid and unambiguous information that the case [was]

___

[3] Indeed, even after Defendant's receipt of Plaintiff's responses to interrogatories on July 29, Defendant had difficulty obtaining an answer about the amount in controversy from Plaintiff's counsel.

removable." *Holston v. Carolina Freight Carriers Corp.*, No. 90−1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991). Perhaps Defendant could have made a case for removal at an earlier time, but it was not legally required to do so.

Plaintiff's remaining argument is that for claims of pain and suffering, it is routine to consult the Kentucky Trial Court Review, and had Defendant done so, it would have easily seen that knee and ankle injuries are assigned a much higher value by Kentucky juries. However, the inquiry here is based on the actual writings provided to Defendant, not what extra research or investigation it might have done. *See Mozee*, 616 F. Supp. 2d at 674 ("[T]he Court does not sanction any effort to determine whether a defendant should have or could have inquired more diligently into unknown facts."). Otherwise, courts would be constantly required to assess the diligence of a defendant's discovery with the first thirty days after a complaint. Clearly, that is not the standard.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED.

cc:     Counsel of Record